E-FILED
Wednesday, 01 November, 2017  11:46:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS PENSION FUND, By and Through Its Board of Trustees; and | ) ) | |
| CENTRAL LABORERS WELFARE FUND, By and Through Its Board of Trustees; and | ) ) ) ) | |
| CENTRAL LABORERS' ANNUITY FUND, By and Through Its Board of Trustees; and | ) ) ) ) ) | |
| ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP AND TRAINING PROGRAM, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION & EDUCATION TRUST, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, SOUTHERN & CENTRAL ILLINOIS LABORERS' VACATION FUND, CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL CHECK OFF DUES, CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL WORK DUES, SOUTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL WORK DUES, LABORERS LOCAL 477 WORK DUES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cause No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SICILIANO, INC., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW Plaintiffs, CENTRAL LABORERS' PENSION FUND; CENTRAL LABORERS' WELFARE FUND; and CENTRAL LABORERS' ANNUITY FUND; and ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP AND TRAINING PROGRAM, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION & EDUCATION TRUST, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, SOUTHERN & CENTRAL ILLINOIS LABORERS' VACATION FUND, CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL CHECK OFF DUES, CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL WORK DUES, SOUTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL WORK DUES, LABORERS LOCAL 477 WORK DUES, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, SICILIANO, INC. and allege as follows:

## PARTIES

1.      Plaintiff CENTRAL LABORERS' PENSION FUND ("Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.  The Pension Fund maintains its offices at Jacksonville, Morgan County, Illinois, within the territorial jurisdiction of this Court.

2

2.      Plaintiff CENTRAL LABORERS' WELFARE FUND ("Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.  The Welfare Fund maintains its offices at Jacksonville, Morgan County, Illinois, within the territorial jurisdiction of this Court.

3.      Plaintiff CENTRAL LABORERS' ANNUITY FUND ("Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Annuity Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4.      The Pension Fund, Welfare Fund, and Annuity Fund maintain their offices at Jacksonville, Morgan County, Illinois, within the territorial jurisdiction of this Court.

5.      Plaintiffs ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP AND TRAINING PROGRAM ("Training Fund"), CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND ("Industry Fund"), CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION & EDUCATION TRUST ("LECET"), MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING ("FFC"), SOUTHERN & CENTRAL ILLINOIS LABORERS' VACATION FUND

3

("Vacation Fund"), CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL CHECK OFF DUES ("District Council Check Off"), CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL WORK DUES ("District Council Work Dues"), SOUTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL WORK DUES ("South Central Work Dues"), LABORERS LOCAL 477 WORK DUES ("Local 477 Work Dues") are certain district council; local union; and/or other collectively-bargained funds and/or dues check-off contributions.

6.      The Pension Fund, Annuity Fund and Welfare Fund are the designated collection agents for Illinois Laborers' & Contractors Joint Apprenticeship and Training Program, Central Illinois Builders Industry Advancement Fund, Central Illinois Laborers' Employers' Cooperation & Education Trust, Midwest Region Foundation for Fair Contracting, Southern & Central Illinois Laborers' Vacation Fund, Central Illinois Laborers' District Council Check Off Dues, Central Illinois Laborers' District Council Work Dues, South Central Illinois Laborers' District Council Work Dues, and Laborers Local 477 Work Dues. All such contributions are received and processed in Jacksonville, Morgan County, Illinois, within the territorial jurisdiction of this Court.

7.      Together, all Plaintiffs shall be referred to as the "Plaintiff Funds."

8.      Defendant Siciliano, Inc. ("Siciliano, Inc.," or "Defendant") is an Illinois corporation maintaining its principal place of business at Springfield, Sangamon County, Illinois.

9.      Siciliano, Inc. is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the LMRA, as amended, 29 U.S.C. §§ 152(2), (6) and (7).

4

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

11.     This Court has personal jurisdiction over Siciliano, Inc. pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

12.     Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

## FACTS COMMON TO ALL COUNTS

13.     Siciliano, Inc. is, was, and at all times relevant to this Complaint has been signatory to one or more collective bargaining agreements ("CBA's") with one or more local union(s) affiliated with the Laborers International Union of North America ("LiUNA"), and/or is, was, and at all times relevant to this Complaint has been signatory to one or more Participation Agreements with the Pension Fund, Welfare Fund and Annuity Fund.

14.     Pursuant to the CBA's and Participation Agreements, Siciliano, Inc. agreed to pay contributions to the Plaintiff Funds at specified rates for hours worked by its employees pursuant to the CBA's; to deduct certain amounts from employee wages for dues, and other assessments; and to transfer said amounts to the Plaintiff Funds.

15.     Siciliano, Inc. has, at times before, during and after the period relevant to this Complaint, reported and paid contributions to the Plaintiff Funds on behalf of certain of its employees.

16.     Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, as well as the CBA's and/or Participation Agreements and Declarations of Trust establishing the Plaintiff Funds, Siciliano, Inc.

is required to pay contributions to the Pension Fund; Annuity Fund; and Welfare Fund in accordance with the terms and conditions of the CBA's.

17.     Pursuant to the CBA's and/or Participation Agreements and Declarations of Trust establishing the Plaintiff Funds, as well as the policies adopted by the Trustees of the Plaintiff Funds, Siciliano, Inc. is required to report hours worked by its employees and make prompt payment of required contributions, including wage deductions for collectively-bargained dues and/or working assessments.

18.     Such contributions and remittances are required to be paid within fifteen (15) days of the end of the month during which work was performed.

19.     The CBA's, and/or Trust Documents adopted by the Trustees of the Plaintiff Funds and to which Siciliano, Inc. is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

## COUNT I

## AUDIT LIABILITY DUE

## (ALL PLAINTIFFS)

COME NOW Plaintiff Funds, by undersigned Counsel, and state as follows for Count I of their Complaint against Siciliano, Inc.:

20.     Plaintiff Funds restate and reincorporate paragraphs 1 through 19 of their Complaint as if fully set forth herein.

21.    The CBA's, and/or Trust Documents adopted by the Trustees of the Plaintiff Funds and to which Defendant is bound and required to comply authorize the Trustees to audit signatory employers from time to time.

22.    Siciliano, Inc. was audited for the period of January 1, 2012 through March 31, 2016.

23.    The audit resulted in a finding of liability due in the amount of $1,150.44 ("Audited Liability"). *See*, **EXHIBIT A**.

24.    As a consequence of the Audited Liability being due, Siciliano, Inc. is further liable for Liquidated Damages in the amount of ten percent (10%), or $115.04.

25.    Plaintiff Funds made demand upon Siciliano, Inc. for payment of the foregoing Audited Liability and Liquidated Damages, but Siciliano, Inc. has failed and refused to pay.

26.    As a consequence of the Audited Liability being due, Siciliano, Inc. is further liable for interest.

27.    Plaintiff Funds further demand their audit costs and attorneys' fees and costs.

28.    As a result of the acts and omissions complained of herein, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

      a.      Enter Judgment for Plaintiffs and against Defendant Siciliano, Inc.;

      b.      Enter an Order awarding Plaintiffs Audited Liability in the amount of $1,150.44;

      c.      Enter an Order awarding Plaintiffs Liquidated Damages in the amount of $115.04.;

d.      Enter an Order awarding Plaintiffs interest in an amount to be proven at trial;

e.      Enter an Order awarding Plaintiffs their audit costs in an amount to be proven at trial;

f.      Enter an Order awarding Plaintiffs their attorneys' fees and costs;

g.      Enter an Order awarding Plaintiffs post-judgment interest;

h.      Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## DELINQUENT FRINGE BENEFIT CONTRIBUTIONS, LIQUIDATED DAMAGES, SURCHARGE ASSESSMENTS AND ATTORNEYS' FEES AND COSTS

## (ALL PLAINTIFFS)

COME NOW Plaintiffs, by undersigned Counsel, and state as follows for Count II of their Complaint against Siciliano, Inc.:

29.      Plaintiff Funds restate and reincorporate paragraphs 1 through 19 and 20 through 28 of Count I of their Complaint as if fully set forth herein.

30.      Siciliano, Inc. became delinquent in its obligation to report and pay contributions to Plaintiff Funds for various months in addition to those in Count I and has otherwise become liable to Plaintiff Funds for certain surcharges and attorneys' fees and costs.

31.      For the period of August 2016 through December 2016, Siciliano, Inc. submitted remittance reports without payment, showing contributions due to Plaintiff Funds in the amount of $68,636.44 ("Delinquency").

32.     As a consequence of incurring the Delinquency, Siciliano, Inc. is liable for Liquidated Damages in the amount of ten percent (10%), or $6,863.64.

33.     Pursuant to § 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i), and the terms of the Trust Document/plan establishing the Plaintiff Funds, Siciliano is liable to Plaintiff Funds for interest.

34.     Pursuant to the policies adopted by the Plaintiff Funds' Trustees, Siciliano is liable to Plaintiff Funds for their costs and fees.

35.     Siciliano, Inc. incurred delinquencies for the months of August 2015, October 2015, February 2016, July 2016, January 2017, February 2017, March 2017, April 2017 and May 2017. Liquidated Damages remain due in the amount of $8,880.59.

36.     Siciliano, Inc. entered into a settlement with Plaintiff Funds, whereby it agreed to pay certain amounts for Plaintiff Funds' attorneys' fees and costs incurred in collecting a previous delinquency. Siciliano paid some of the agreed upon fees, but did not pay all of the agreed upon fees, leaving $7.00 due.

37.     Defendant is liable for a surcharge assessment for October 2012 in the amount of $7.00.

38.     Plaintiff Funds have made demand upon Siciliano for payment of the foregoing amounts, but Siciliano has improperly failed and refused to do so.

39.     As a result of the acts and omissions complained of herein, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

      a.     Enter Judgment for Plaintiffs and against Defendant;

b.  Enter an Order awarding Plaintiffs $68,636.41 in delinquent fringe benefit contributions for the months of August 2016 through December 2016;

c.  Enter an Order awarding Plaintiffs Liquidated Damages on said contributions in the amount of $6,863.64;

d.  Enter an Order awarding Plaintiffs interest on said contributions in an amount to be proven at trial;

e.  Enter an Order awarding Plaintiffs past due Liquidated Damages in the amount of $7,994.23;

f.  Enter an Order awarding Plaintiffs $7.00 for the surcharge for October 2012;

g.  Enter an Order awarding Plaintiffs their costs and fees, in an amount to be proven at trial;

h.  Enter an Order awarding Plaintiffs appropriate post-judgment interest; and

i.  Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
333 Salem Place, Suite 240
Fairview Heights, IL  62208
(618) 726-2530 – Telephone
(618) 726-2533 – Facsimile
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs